[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 6, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12191
Non-Argument Calendar
_____

BIA No. A98-317-713

JOHAN HENDRA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 6, 2006)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

In May 1998, Jakarta, Indonesia was wracked by riots.  Some in the

indigenous Muslim population burned and looted the neighborhoods and businesses of ethnic Chinese residents, who tended to be Christian.

Johan Hendra is a citizen of Indonesia and resided in Jakarta in May 1998. During the riots, his father's business was burned, and in the neighborhood where his family lived, cars, motorcycles and a church were destroyed. The mob threw stones and Molotov cocktails and yelled, "kill Chinese."

The riots stopped the following month. To protect themselves, Hendra's family built a wall around their home. When Hendra's father reopened his business, native Indonesians threatened that his store would be burned down again if he did not pay them a bribe. However, nothing happened to Hendra or his family in the five years after the riots. Hendra stayed in Indonesia and graduated from a university with a degree in business management. Instead of applying for a job there, however, he and his family came to the United States in 2003, via Singapore.

After overstaying his visa and being threatened with removal, Hendra applied for asylum, withholding of removal, and relief under the Convention Against Torture. According to Hendra, he was persecuted in Indonesia because he was Chinese and Christian. The immigration judge denied all of his claims in an oral decision, and the Board of Immigration Appeals adopted the IJ's findings and conclusions as its own.

Hendra now petitions for review here of the BIA's decision. He argues that:

2

(1) the IJ failed to make a finding as to whether Hendra was persecuted in Indonesia; (2) the IJ's finding that Hendra did not have a well-founded fear of persecution was not supported by substantial evidence; and (3) the BIA's withholding of removal decision was not supported by substantial evidence.[1]

As a preliminary matter, we cannot agree with Hendra that the IJ failed to make a finding on the past persecution claim. The IJ began his oral decision with a correct discussion of the standard for granting asylum:

> Under Section 208 of the Immigration and Nationality Act, the Attorney General, through an Immigration Judge, may grant asylum as a matter of discretion to an individual who is a refugee within the meaning of Section 101(a)(42) of the Act. This provision requires that [the individual] is unable or unwilling to avail himself of the protection of [his home] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion.

(A.R. 87–88). After reciting the facts, as relayed by Hendra, the IJ concluded that Hendra "ha[d] not met his burden of proof to establish that he is entitled to a grant of asylum in this case." Id. at 96. The IJ continued that Hendra "ha[d] not provided sufficient documentary evidence to show that he faced persecution in Indonesia of any recent date"; he "ha[d] not provided credible evidence of past torture." Id. at 97. These latter statements are a finding by the IJ that Hendra

---

[1] Hendra has not sought review of the BIA's decision to deny him relief under the CAT. He has therefore abandoned that issue here. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

3

failed to meet his evidentiary burden because he could not demonstrate that he suffered from past persecution.

With regard to the IJ's finding that Hendra did not have a well-founded fear of persecution, we "must affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Sepulveda, 401 F.3d at 1230. "[T]he IJ's decision can be reversed only if the evidence 'compels' a reasonable fact finder to find otherwise." Id.

Here, the evidence does not compel a contrary conclusion. While living in Indonesia, Hendra and his family were able to travel extensively throughout South Asia and were always allowed to return home. Two of these trips occurred after the May 1998 riots. Hendra had not been harmed, or threatened with harm, in any way in the five years after the riots. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1287 (11th Cir. 2001) (to demonstrate a well-founded fear of persecution, the alien must "present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution" (quotation omitted; emphasis deleted)). He was able to graduate from the university unscathed, even though he claims there was significant sectarian violence in Indonesia. He left the country only because the rest of his family was leaving for the United States. And, the 2003 State Department Country Report on Humans Rights, which Hendra introduced in the record, provided that there were some parts of Indonesia where Chinese Christians

4

lived peacefully with the indigenous Muslim population.  (A.R. 147, 150); see 8 C.F.R. § 208.13(b)(2)(ii) ("[a]n applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality"); Mazariegos v. Office of U.S. Att'y Gen., 241 F.3d 1320, 1327 (11th Cir. 2001) ("where the alleged persecutors are not affiliated with the government, it is not unreasonable to require a refugee who has an internal resettlement alternative in his own country to pursue that option before seeking permanent resettlement in the United States, or at least to establish that such an option is unavailable").

Because the IJ's finding that Hendra did not have a well-founded fear of persecution was supported by substantial evidence, including Hendra's own documentary evidence and testimony, the BIA's decision that Hendra did not meet the stringent more-likely-than-not test for withholding of removal must also be sustained.  See Al Najjar, 257 F.3d at 1292–93 ("[w]here an applicant is unable to meet the 'well-founded fear' standard for asylum, he is generally precluded from qualifying for either asylum or withholding of [removal]").  Accordingly, his petition for review of the BIA's decision to deny his asylum and withholding of removal claims is denied.

PETITION DENIED.